ally burden-shifting, nor violative of the defendant's Fifth Amendment privilege against self-incrimination."

*Judgments affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 6, 1988.

*W. Douglas Divine*, for appellant (case no. 76983).
*Britt R. Priddy*, for appellant (case no. 77032).
*Hobart M. Hind*, District Attorney, *Melodie B. Swartzbaugh*, Assistant District Attorney, for appellee.

76987. IN RE DOE.
(372 SE2d 822)

DEEN, Presiding Judge.

Roy Dale Kirk has not filed an enumeration of errors or a brief in this case, although they were due on May 18, 1988. On May 19, 1988, this court denied his *pro se* request for an extension of time in which to file these documents. On June 7, 1988, appellees filed a motion to dismiss the appeal on the grounds that the notice of appeal was not timely filed. *Held*:

Kirk filed an action in the court below to legitimate his minor daughter who had been placed by her biological mother with Jane and John Doe for the purpose of adoption. The mother opposed the legitimation proceeding and, after hearing evidence and argument of counsel, the petition was denied. On November 19, 1987, some thirty-three days after the entry of that judgment, Kirk filed a notice of appeal. Appellee's counsel filed an affidavit and a motion to dismiss. A hearing was held on December 22, 1987, and the court held that the notice of appeal was not timely filed and dismissed the appeal. A second notice of appeal along with a motion to proceed *in forma pauperis*, an affidavit of poverty, and a motion for appointment of counsel was filed on January 25, 1988. The trial court entered an order on January 27, 1988, denying Kirk's request for appointment of counsel. On February 25, 1988, Kirk filed a notice of appeal from the order of January 27 claiming that it was from an order "denying his notice of appeal." It is from the order of January 27 that he seeks review in this court.

OCGA § 5-6-38 (a) requires a notice of appeal to be filed within thirty days after entry of an appealable decision or judgment. If a notice of appeal is filed more than thirty days after the rendition of such an order or judgment, the Court of Appeals is without jurisdiction to entertain an appeal. *Hull v. Campbell*, 130 Ga. App. 637 (204

SE2d 312) (1974). The record shows that Kirk's notices of appeal filed on November 19, 1987, and January 25, 1988, were not timely filed. The trial court was therefore correct in declining to appoint counsel in its order of January 27, 1988, as there was no viable appeal pending. Moreover, the order did not deny his notice of appeal, as contended in his notice of appeal of February 25, 1988. We find no error in the trial court's ruling.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED SEPTEMBER 6, 1988.

Roy Kirk, *pro se.*
*Thomas H. Rogers, Jr.,* for appellee.

## 76996. MILLER v. HANDS.
(372 SE2d 657)

DEEN, Presiding Judge.

In May 1984 appellee Hands went to Crawford W. Long Hospital for diagnosis of certain symptoms which she feared might indicate, *inter alia*, a heart attack. After undergoing a battery of tests, she was wheeled on a stretcher to the X-ray room. The nurse on duty, appellant Miller, requested that she leave the stretcher and stand in front of the X-ray machine. She did so but, while standing there, collapsed and fell to the tile floor, injuring her elbow and other parts of her body in the fall. She alleges that Miller was negligent in making her leave the stretcher unaided — especially when, she further alleges, she had complained of weakness — and in failing to render proper aid when she fell. Miller alleges, to the contrary, that Hands had given no indication that she was unable to stand unaided, that she herself had assisted Hands in getting up from the stretcher, and that she and a resident physician had rushed immediately to Hands' aid when she fell.

Hands' original suit against Miller and the hospital resulted in a mistrial on October 28, 1986, and was dismissed without prejudice. It was refiled pursuant to OCGA § 9-2-61 January 20, 1987, within the statutory six-month period, and on January 26, 1987, process was served not upon Miller herself but upon the hospital administrator, who at the same time accepted service on behalf of the hospital. Although the deputy marshal responsible for serving the defendant indicated in the Return of Service that he had served Miller personally, he subsequently executed an affidavit in which he stated that the administrator had told him that, in order to avoid disturbing the orderly functioning of the hospital, he himself would accept service as Miller's